Lawrence E. Bengal, Director Arkansas Oil Gas Commission 301 Natural Resources Drive Suite 102 Little Rock, Arkansas 72205
Dear Mr. Bengal:
I am writing in response to your request for my opinion on the following question:
Does the Arkansas Oil and Gas Commission have the authority to force pool (integrate) interests of constitutionally created agencies of the State of Arkansas, such as the Arkansas Highway Commission and the Arkansas Game and Fish Commission, and political subdivisions of the State of Arkansas, such as a county or municipality; or may these interests only be leased through applicable bidding procedures?
You report that the Commission has voted to deny an application — from whom is not clear — to integrate ("force pool") the mineral interests of the Arkansas Highway Commission and a county but has also voted to grant an application "to integrate the interests of a city, pending a decision of the Arkansas Attorney General." You have attached a number of items to your request, including an unsigned, relatively recent, seminar paper that was obviously written by a lawyer. The paper draws two conclusions: (1) that the Oil and Gas Commission, "if it wanted to do so, would have the authority to integrate the interests of cities, counties, school districts, housing authorities, and other political subdivisions, but does not have the authority to integrate the interests of the State of Arkansas or its agencies"; and (2) that the Highway Commission, as a constitutionally independent entity, is probably exempt from A.C.A. § 22-5-801 et seq., which gives the Commissioner of State Lands exclusive authority to negotiate and execute oil and gas leases covering the State of Arkansas or its agencies. The writer concedes, however, that "the Highway Commission has now begun forwarding requests for leases of Highway Commission lands to the Land Commissioner's office."[1] You have further attached to your request an indexed series of constitutional and statutory provisions, as well as three cases you and the Commission's counsel apparently deem pertinent.
I must respectfully decline to address this question in light of this office's long-standing policy against issuing opinions on matters that are the subject of pending litigation. This policy has consistently been applied to matters pending before administrative agencies as well as before the courts. See, e.g., Ark. Ops. Att'y Gen. Nos. 99-139; 97-329; 97-105; 96-137; 92-360 and 90-114. In the present case, the Oil Gas Commission, in adjudicating the applications in question, has already declined to force pool the interests of a county and the Highway Commission and has tentatively decided to force pool the interests of a city, pending our opinion. I believe that if we issue an opinion saying the Commission can or cannot force pool county, city, or Highway Commission interests, we would be opining on whether the order the Commission just made (and the tentative one it has just made) was correct. That is not the proper province of this executive-branch office, which has traditionally avoided second-guessing the determinations of judicial bodies or administrative bodies exercising quasi-judicial functions. The issues of whether the Commissioner of State Lands, the Oil and Gas Commission or, perhaps, the Highway Commission itself should resolve the force-pool issues seem to be very much at play in the pending proceedings, rendering it inappropriate for me to interject my opinion.
As noted above, the issues raised in your request have apparently been reviewed at length by counsel outside of this office. In addition, I will note that should the Commission need legal advice other than from its in-house attorney (see A.C.A. § 15-71-104 (Supp. 2007)), counsel assigned to the Commission in the Civil Department of this office should be available to render advice on remaining pending issues, including procedural matters such as the availability of appeals.
I regret that I could not be of further assistance in this matter.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I will note that in 1984, one of my predecessors issued a brief opinion concluding that only DF A could issue mineral leases in which the state has an interest, and only then based on competitive bidding. I do not know whether the 1984 request, which was made by the then Director of DF A, involved a pending dispute or what elements of the law then in effect remain so.